IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

BRIAN D. ABERNATHY,

        Petitioner,

v.                                                                              Civil No.: 5:20-CV-194
                                                                                (JUDGE BAILEY)

ROBERT HUDGINS,

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On September 8, 2020, the pro se Petitioner, Brian D. Abernathy ("Abernathy") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] together with a Motion for Leave to Proceed *in forma pauperis*. [Doc. 2]. Abernathy is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

---

[1] Unless otherwise noted, the information in this section is taken from Abernathy's criminal docket available on CM/ECF. See United States v. Abernathy, No.: 1:15-cr-345-PAG. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

On September 23, 2015, an indictment was filed charging Abernathy with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 1, 2, 4, and 6-7); and with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 3 and 5). [Doc.1]. Abernathy pleaded guilty to the indictment pursuant to a written plea agreement on January 7, 2016. [Docs. 21, 36]. Based on two of his prior drug trafficking convictions (Cuyahoga County Pleas Court Case Nos. CR-08-507145[2] and CR-12-56147[3]), Abernathy was found to be a career offender with an adjusted offense level 32. After a three-level reduction for acceptance of responsibility, Abernathy's total offense level was 29. At Criminal History Category VI, the resulting Guidelines range was 151-188 months imprisonment. [Doc. 37 at 3]. The Court imposed a low-end sentence of 151 months imprisonment on each count, to be served consecutively, followed by a three-year term of supervised release. [Doc. 151].

On January 17, 2017, the parties filed a joint motion to modify Abernathy's sentence to run concurrent to his two-year sentence imposed in the Cuyahoga County Court of Common Pleas Case No. 16-CR-599319. [Doc. 38]. The Court granted the motion and modified Abernathy's sentence accordingly.

**B.  § 2255**

On March 30, 2017, Abernathy filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he asserted three grounds for relief. [Doc. 40]. In Ground One, Abernathy

---

[2] Abernathy was convicted of Drug Trafficking with Juvenile Specification and Forfeiture in violation or ORC 2925.03. [Doc. 23 at 16].

[3] Abernathy was convicted of Drug Trafficking in violation of ORC 2925.03. [Doc. 23 at 17].

maintained that his prior drug offenses no longer qualified as predicate controlled substance offenses under §4B1.2(b) in light of Mathis v. United States, 136 S.Ct. 2243 (2016). In Ground Two, Abernathy asserted that his prior conviction for failure to comply with the order or signal of a police officer is no longer considered a crime of violence in light of Johnson v. United States, 135 S.Ct. 2551 (2015). In Ground Three, Abernathy argued that his counsel was ineffective in allowing him to be sentenced on the state charges before the federal charges. The United States filed a Response on April 24, 2017 [Doc. 43], and Abernathy filed a Reply on May 5, 2017. [Doc. 44]. On June 7, 2017, the Court entered a Memorandum of Opinion and Order denying Abernathy's § 2255 motion and denying a certificate of appealability. [Doc. 45]. Abernathy filed a Notice of Appeal on July 20, 2017. [Doc. 49]. On January 17, 2018, the Sixth Circuit denied Abernathy's application for a certificate of appealability. [Doc. 50].

### C. Abernathy's Claims

Abernathy maintains that he is now actually innocent of being a career offender. In support of that allegation, Abernathy relies on United States v. Rogerson-Wise, Case No. 18-3625 (6th Cir., Oct. 30, 2019) in which the government conceded an Ohio conviction for attempted drug trafficking in violation of Ohio Revised Code §§ 2925.03 and 2923.02 does not qualify as a controlled substance offense under U.S.S.G. § 4B1.2. For relief, Abernathy requests that this Court resentence him without the career offender enhancement.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

and submit findings and recommendations to the District Court.  This Court is charged with screening Abernathy's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Abernathy's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Abernathy is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Abernathy unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive

motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. ANALYSIS

Although Abernathy raises the savings clause, he is not entitled to its application. As previously noted, Abernathy's sentence was based on the guidelines applicable to career offenders.[4] Because Abernathy is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the

---

[4] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

merits. In this case, even if Abernathy met the first, second[5], and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[6]

---

[5] Abernathy alleges that his convictions under ORC § 2925.03 no longer qualify as predicate offenses. Although the Sixth Circuit has held that attempted drug trafficking in violation of § 2925.03 does not qualify as a controlled substance offense under U.S.S.G. § 4B1.2, it appears that he was, in fact, convicted of drug trafficking not attempted drug trafficking. However, even if Abernathy's crimes no longer qualify as predicate offenses, as explained in more detail in the body of this Report and Recommendation, he cannot meet the fourth prong of Wheeler.

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944. See also, Braswell v. Smith, 952 F.3d 441, 450 (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716. Because Abernathy was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Abernathy cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.** The undersigned further **RECOMMENDS** that Abernathy's Motion for Leave to Proceed *in forma pauperis* **[Doc.2]** be **DENIED and the fee WAIVED.**

Abernathy shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Abernathy by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 16, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE