# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**BRIAN D. ABERNATHY,**

        Petitioner,

    v.              **Criminal Action No. 5:20-CV-194**
                                      Judge Bailey

**ROBERT HUDGINS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 16, 2020, wherein he recommends the petition be denied and dismissed without prejudice.

### I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on September 8, 2020, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence. On March 31, 2016, petitioner was sentenced to 151 months' imprisonment after pleading guilty to seven counts of the Indictment.[1] According to the BOP website, petitioner is scheduled to

---

[1] Taken from Abernathy's criminal docket from the Northern District of Ohio, available on PACER. See **United States v. Abernathy**, 1:15-CR-00345-PAG-1.

1

be released on March 5, 2027.

In his petition, Abernathy contends that he is actually innocent of being a career offender because his predicate offenses were under Ohio Revised Code § 29253.03 which "does not fit the criteria for career offender status" following *United States v. Rogerson-Wise*, Case No. 18-3625 (6th Cir., Oct. 30, 2019). [Doc. 1-1 at 9]. Abernathy argues that but-for his career offender designation, his Guideline Range for sentencing would have been considerably lower. For relief, he asks to be resentenced.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 8] on September 25, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of

§ 2255 because the new rule is not one of constitutional law.
**Poole**, 531 F.3d at 269 (quoting **In re Jones**, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

**United States v. Wheeler**, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the **Jones** test (if challenging the legality of his conviction) or the **Wheeler** test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See **Wheeler**, 886 F.3d at 423–26.

Here, the Magistrate Judge found that Abernathy is challenging his sentence, but he cannot meet the four-prongs of **Wheeler**. [Doc. 6 at 6]. Specifically, the Magistrate Judge found that even if he could meet the first, second, and third prongs of **Wheeler**, he

cannot meet the fourth, which requires that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. [Id. at 7]. The Magistrate Judge found that because the petitioner was sentenced under the post-*Booker*, purely advisory Guidelines, regardless of whether there was a misapplication of the Guidelines, he cannot satisfy the fourth prong of *Wheeler*. [Id. at 8] (citing *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018)).

On September 25, 2020, petitioner filed his objections to the R&R. [Doc. 8]. Therein, petitioner asserts that the Magistrate Judge's finding that the fourth prong of *Wheeler* is not satisfied, regardless of whether there was a misapplication of the Sentencing Guidelines, was in error. [Id. at 2]. He cites *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) for the proposition that the Sentencing Guidelines do not extend or apply to career offender enhancements. [Id. at 5].

This Court does not find petitioner's objection persuasive and, upon *de novo* review, find that the Magistrate Judge reached the correct conclusion. Fourth Circuit precedent clearly establishes that a misclassification as a career offender is not a fundamental defect. *See United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015). Petitioner's reliance on *Narvaez* is likewise misplaced; even if *Narvaez* stood for the position Abernathy claims, the petitioner in that case was sentenced pre-*Booker* under mandatory Sentencing Guidelines. Because Abernathy cannot meet the fourth prong of *Wheeler*, he is unable to satisfy the savings clause of § 2255, this Court lacks jurisdiction to consider his petition.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and**

**Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 6]** are **OVERRULED** and the § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Motion for Leave to Proceed *in forma pauperis* **[Doc. 2]** is hereby **DENIED and the fee waived.**

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 23, 2020.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE